[Civ. No. 46859. Second Dist., Div. One. Mar. 9, 1976.]

FRANK M. RUSSO, Plaintiff and Appellant, v.
SCRAMBLER MOTORCYCLES et al., Defendants and Respondents.

## COUNSEL

Calvin N. Winn for Plaintiff and Appellant.

Clifton D. Klahs for Defendants and Respondents.

## OPINION

**LILLIE, Acting P. J.**—The trial court granted summary judgment to defendants on the ground that plaintiff's cause was barred because he had failed to file a cross-complaint in a prior action brought by defendants. He appeals from the judgment.

The facts are undisputed. On January 31, 1973, the individual defendants Proulx (not including defendant entity Scrambler Motorcycles) filed an action in the superior court, No. C 48791, titled "Complaint for Declaratory Relief; Dissolution of Partnership, Accounting; Appointment of Receiver; Quiet Title to Partnership Real Property; Damages," naming as defendants Frank G. Carlisi, Mary Pat Carlisi and Frank M. Russo, plaintiff and appellant herein. Of the five causes of action pleaded, the first, for declaratory relief, named only the Carlisis; the second contained only facts pertaining to the Carlisis as partners of the plaintiffs Proulx; the third,[1] also for declaratory relief, was the only cause which expressly named Russo, appellant herein; the fourth alleged the breach of a partnership agreement by Mr. Carlisi and the fifth, alleged that the Carlisis were obligated to plaintiffs Proulx on a promissory note. On April 16, 1973, Russo, plaintiff and appellant herein and defendant in case No. C 48791, filed a general denial answer to the complaint in conjunction with the other two named defendants; on October 21, 1974, he filed the within "Complaint for Money" against the Proulx and Scrambler Motorcycles, defendants and respondents herein.

In the first cause plaintiff alleged that he was employed by defendants "[f]rom January 2, 1973, to June 23, 1973," and on the latter date "$3,750.00 had been earned by plaintiff and was due and owing him by defendants, but no part of that sum had been paid by defendants"; the second count sought a statutory penalty of $600 in relation to the unpaid salary pursuant to section 203, Labor Code; and the third cause alleged the fraud of each defendant in inducing him to enter into the

---

[1]"Plaintiffs incorporate by reference all the allegations contained in Paragraphs I, II, III and IV of the First Cause of Action as if set forth in full herein. [Paragraph IV as incorporated stands in declaratory relief, and commences as follows: Since the commencement of the partnership an actual controversy has risen and now exists between all of the plaintiffs and the defendants herein concerning their respective rights, duties and responsibilities with reference to the creation of the partnership, the partnership agreement, the nature and extent of the partnership property acquired since July of 1966. Plaintiffs contend: [etc.]

"That the said defendants Frank Russo and Mary Pat Carlisi claim an interest in the partnership property and building and assets which are adverse to the said partnership and to the plaintiffs herein.

"That these defendants do not have an interest in the said partnership property, real or personal and that the said partnership wishes to quiet title to the property and assets aforementioned as against these claims.

"That the said defendant Frank Russo and other defendants named herein have and now are interfering with the management and conduct of the partnership business and refuse and continue to refuse to remove themselves from the property and partnership business and unless restrained pending this action, plaintiffs fear that irreparable harm and damage will come to the partnership business and its affairs and that a proper dissolution and winding up of the partnership business will be prevented thereby."

employment, and prayed for exemplary damages in the sum of $30,000. Defendants answered the complaint with a general denial and added, as one affirmative defense, the allegation that "each and every cause of action therein, is barred by the provisions of Sections 426.10, et seq." because plaintiff had failed to file a cross-complaint in action No. C 48791. On November 14, 1974, defendants filed motion for summary judgment relying on Code of Civil Procedure, sections 426.10 et seq. The motion was granted and judgment entered accordingly.

Section 426.30, Code of Civil Procedure, provides:

"(a) Except as otherwise provided by statute, if a party against whom a complaint has been filed and served fails to allege in a cross-complaint any related cause of action which (at the time of serving his answer to the complaint) he has against the plaintiffs, such party may not thereafter in any other action assert against the plaintiff the related cause of action not pleaded.

"(b) This section does not apply if either of the following are established:

"(1) The court in which the action is pending does not have jurisdiction to render a personal judgment against the person who failed to plead the related cause of action.

"(2) The person who failed to plead the related cause of action did not file an answer to the complaint against him."

The trial court made no express reference to this section or to any of its concomitant sections in either the judgment or the preceding minute order indicating the court's intention to grant summary judgment. However, in light of defendants' express reliance on these statutes in their motion and no other grounds therefor having been raised, the assumption that the court based its determination thereon is reasonable. Although these sections have been so recently enacted that there appears to be no reported cases construing them, we conclude that the court erred in granting summary judgment on at least two grounds, as to which no explanation is made in the lone declaration filed by defendants in support of their motion.

First, the third cause of action of the complaint in case No. C 48791, the only cause directly naming appellant, is based upon aver-

ments of declaratory relief. Paragraph IV of the first cause of action, which the third cause incorporates, contains this language: "Since the commencement of the partnership an actual controversy has arisen and now exists between all of the plaintiffs and the defendants herein concerning their respective rights, duties and responsibilities with reference to [etc.]." Yet section 426.60, subdivision (c), expressly provides: "This article does not apply where the only relief sought is a declaration of the rights and duties of the respective parties in an action for declaratory relief . . . ." This is also made clear in the "Legislative Committee Comment" to section 426.60: "Subdivision (c) makes the provisions for compulsory joinder of causes inapplicable where the only remedy sought by any party to an action is a declaration of the rights and duties of the parties." Although the complaint in case No. C 48791 contained causes of action other than that for declaratory relief, clearly these were not directed against appellant, thus "the only remedy" sought by respondents *against appellant* was a declaration of the rights and duties of the parties.

■ Second, subdivision (a) of section 426.30 in pertinent part provides: "[I]f a party against whom a complaint has been filed and served fails to allege in a cross-complaint any related cause of action which *(at the time of serving his answer to the complaint)* he has against the plaintiff" [italics added] he may not thereafter assert it against plaintiff in any other action; and *the averments of all three causes of action of the within complaint reasonably can be construed as intending to seek relief in relation to events which occurred subsequent to April 16, 1973,* when appellant filed his answer to the complaint in case No. C 48791. In the first cause of action it is alleged that *"On June 23, 1973,* plaintiff was discharged from his employment, to become effective immediately. *On that date,* $3,750.00 had been earned by plaintiff and was due and owing him by defendants. . . ." [Italics added.] As to the second cause of action seeking the recovery of a statutory penalty pursuant to section 203, Labor Code, that statute provides in part: "Suit may be filed for such penalties at any time before the expiration of the statute of limitations on an action for the wages from which the penalties arise.". Defendants had not contended that the statute had run, so the assumption that plaintiff was entitled to initiate suit on this case *after* April 16, 1973, is reasonable. The third cause of action in part expressly avers: "All of the acts of the defendants herein were committed by said defendants fraudulently and deceitfully in that defendants and each of them, did induce plaintiff to enter into *and perform* [until June 23, 1973] the oral contract of employment. . . ." [Italics added.] In respect to all of

these matters occurring after plaintiff filed his answer in case No. C 48791 the "Legislative Committee Comment" to section 426.30 states: "Only related causes of action that exist at the time of service of the answer to the complaint on the particular plaintiff are affected by Section 426.30." Although the averments of the complaint herein may be properly interpreted as seeking some recovery for events occurring prior to April 16, 1973, neither defendants' motion for summary judgment nor the judgment itself attempted to segregate such events from those pleaded which occurred subsequent to that date. Thus, the summary judgment, which indiscriminately strikes down the entire complaint, cannot stand.

■ Finally, we note that case No. C 48791 involves a partnership consisting of the parties Proulx and Carlisi, while the within action is brought by plaintiff against a *new* partnership entity consisting only of defendants Proulx. Respondents in their brief concede that "the present partnership of respondent . . . except for the name, is wholly unrelated to the prior partnership which consisted of different individuals." Thus the complaint herein does not appear to plead such "related cause[s] of action" defined in section 426.10, subdivision (c)[2] as are barred by section 426.30, subdivision (a).

None of the cases cited by respondents—each of which was decided prior to the enactment of section 426.10 et seq., and relates to former section 439, Code of Civil Procedure, which contained no provisions pertaining to any of the grounds hereinabove mentioned—involves consideration of any of these grounds, thus each is clearly distinguishable.

The judgment is reversed.

Thompson, J., and Hanson, J., concurred.

---

[2]Subdivision (c), section 426.10 provides: " 'Related cause of action' means a cause of action which arises out of the same transaction, occurrence, or series of transactions or occurrences as the cause of action which the plaintiff alleges in his complaint."