[Civ. No. 69104. Second Dist., Div. Five. July 30, 1984.]

INDUSTRIAL INDEMNITY COMPANY, Plaintiff, Cross-defendant and Respondent, v.
ARNOLD MAZON, Defendant, Cross-complainant and Appellant.

**COUNSEL**

Daigneault, Abel & Daigneault and Taylor J. Daigneault for Defendant, Cross-complainant and Appellant.

Clausen, Harris & Campbell, Kenneth H. Clausen and Marie D. Clause for Plaintiff, Cross-defendant and Respondent.

## OPINION

**FEINERMAN, P. J.**—Arnold Mazon (Mazon) appeals from an order of dismissal of his cross-complaint entered after the demurrer of cross-defendant Industrial Indemnity Company (Industrial) to Mazon's cross-complaint was sustained without leave to amend. We affirm the order of dismissal.

### FACTS

Mazon is the sole shareholder of Mazon Landscape Company, Inc. (Corporation). Industrial had issued a general liability policy to Corporation covering the third party liability of Corporation for bodily injury or property damage caused by an occurrence and arising out of the business of the insured. Both Mazon and Gilbert Tellez, Jr. (Tellez) were employed by Corporation. On April 14, 1979, Mazon was injured in an automobile accident while a passenger in a vehicle owned and driven by Tellez. Mazon filed suit for personal injury and loss of earnings on March 21, 1980, naming Tellez and Does I through XX as defendants. He subsequently amended the complaint to name Corporation as a defendant, alleging that Tellez was driving the vehicle in the course and scope of his employment and consequently Tellez's negligence must be imputed to Corporation. In December 1981, Corporation requested that Industrial defend in the personal injury suit and pay Mazon's claims.

On November 2, 1982, Industrial filed a complaint for declaratory relief, naming Corporation and Mazon as defendants. Industrial asserted its policy provided no coverage for the accident because (1) the corporate entity was a sham and in reality does not exist, and therefore Mazon purports to sue himself, and (2) the policy excludes coverage for an injury to an employee injured in the course and scope of his employment, and, if Corporation is a valid entity, Mazon, as well as Tellez, was acting within the course and scope of his employment at the time of the accident and thus could not assert a claim under the policy.

Mazon then filed his cross-complaint for unfair insurance claims practices (Ins. Code, § 790.03) and intentional infliction of emotional distress. He alleged that Industrial refused to effectuate prompt, fair and equitable settlement of Mazon's claim against Corporation.

Industrial demurred to the cross-complaint. It requested the trial court to take judicial notice of the action pending between Mazon and Corporation, contending that Mazon cannot assert its causes of action against Industrial until the underlying personal injury action is resolved. The demurrer was sustained without leave to amend, and the cross-complaint was dismissed.

DISCUSSION

*Royal Globe Ins. Co.* v. *Superior Court* (1979) 23 Cal.3d 880 [153 Cal.Rptr. 842, 592 P.2d 329] established that an individual who is injured through the negligence of an insured may sue the insured's insurer for unfair claims practices pursuant to Insurance Code section 790.03. The court concluded that subdivision (h) of the statute "was intended to prohibit unfair settlement practices by insurers directed against both claimants and insureds." (*Id.*, at p. 888.)

However, the *Royal Globe* decision provided that the claimant may not sue both the insurer and the insured in the same action. Three reasons for that holding were given. First, evidence of insurance is inadmissible to prove negligence or wrongdoing. (Evid. Code, § 1155.) The purpose of this statute is to prevent the prejudicial use of evidence of liability insurance, and a joint trial of insurer and insured would violate the letter and spirit of that provision. Second, the defense of the insured may be "seriously hampered" by discovery initiated by the claimant against the insurer. Third, damages suffered by the claimant as a result of the insurer's bad faith actions may best be determined after his action against the insured is concluded. (*Royal Globe Ins. Co.* v. *Superior Court, supra*, 23 Cal.3d at pp. 891-892.)

Subsequent decisions have held that the claimant's suit against the insurer may follow disposition of his claim against the insured through settlement as well as by final judgment following a trial (*Rodriguez* v. *Fireman's Fund Ins. Companies, Inc.* (1983) 142 Cal.App.3d 46, 54 [190 Cal.Rptr. 705]), but may not be initiated while his action against the insured is on appeal and no final judgment or conclusion has been reached (*Nationwide Ins. Co.* v. *Superior Court* (1982) 128 Cal.App.3d 711 [180 Cal.Rptr. 464]). ■ Thus, a claimant's cause of action against the insurer does not accrue until the time that suit may be brought—in other words, until the action between the claimant and the insured has reached a final conclusion. (*Carr* v. *Progressive Casualty Ins. Co.* (1984) 152 Cal.App.3d 881, 889-890 [199 Cal.Rptr. 835].)

The posture of the instant case differs from those cases previously discussed in that Mazon is a party in two pending suits in two different capacities. He is the claimant in his suit against Corporation, while Indemnity's suit for declaratory relief identifies him, in effect, as an insured. He argues that *Royal Globe, supra,* proscribed trial of his claims only in his action against Corporation, not in the instant action which Indemnity has brought. Furthermore, he contends that if he is not allowed to assert his cause of action against Indemnity in this action, he will be barred from doing so in

the future by the compulsory cross-complaint rule embodied in California Code of Civil Procedure section 426.30.[1]

■ It is clear from a reading of Mazon's cross-complaint that he has alleged causes of action which he holds in his capacity as a third party claimant or beneficiary under the liability policy of his employer. Corporation, for Industrial's failure to settle the underlying personal injury lawsuit of Mazon against Corporation. He has alleged no damages suffered by him as an alleged insured, his position in the instant action. His cross-complaint is not ripe because the underlying personal injury action has not yet been resolved (See *Carr* v. *Progressive Casualty Ins. Co., supra,* 152 Cal.App.3d 881, 889) and no causes of action have accrued.

■ Mazon cannot be barred from bringing his causes of action in a future separate action by his failure to do so here. Although Code of Civil Procedure section 426.30 bars a later action against the same party when "any related cause of action" has not been raised in a cross-complaint, this section does not apply "where the only relief sought is a declaration of the rights and duties of the respective parties in an action for declaratory relief." (Code Civ. Proc., § 426.60, subd. (c); *Russo* v. *Scrambler Motorcycles* (1976) 56 Cal.App.3d 112, 116-117 [127 Cal.Rptr. 913].) Additionally, Code of Civil Procedure section 1062 provides that "no judgment under this chapter [pertaining to declaratory relief] shall preclude any party from obtaining additional relief based upon the same facts."

The instant case does differ in its posture from prior cases interpreting Insurance Code section 790.03, but we find the trial court correctly construed and applied relevant statutory and case law to the facts presented herein.

The order of dismissal is affirmed.

Stephens, J., and Ashby, J., concurred.

---

[1]Code of Civil Procedure section 426.30, subdivision (a) states: "Except as otherwise provided by statute, if a party against whom a complaint has been filed and served fails to allege in a cross-complaint any related cause of action which (at the time of serving his answer to the complaint) he has against the plaintiff, such party may not thereafter in any other action assert against the plaintiff the related cause of action not pleaded."