Opinion
 

 BRAY, J.
 
 *
 

 —Plaintiff appeals from judgment of the Alameda County Superior Court of dismissal of the action after sustaining of the demurrer to the third amended complaint.
 

 Issue Presented
 

 Does the third amended complaint state a cause of action in fraud?
 

 Record
 

 On March 12, 1976, plaintiff filed a third amended complaint for damages in which it was alleged that on or about September 17, 1976, plaintiff suffered a serious fire at its leased premises caused by a defective coffee maker made and distributed by the defendants Brewmatic Company, Farmer Brothers Coffee Company, and Custom Coffee Plan. In the first six causes of action, theories were set forth upon which the liability of these three defendants to plaintiff was predicated. In the seventh, eighth and ninth causes of action, plaintiff alleged theories of
 
 *618
 
 liability to respondent Safeco Insurance Company of America, insurer of the other defendants and respondent herein. In these causes of action, plaintiff alleged that after the fire, it had to choose between closing down its business or continuing business at a loss. The first alternative would lose customers and result in prohibitive start-up costs should the business be reopened. The second alternative, however, while avoiding these problems would result in operating losses to plaintiff. Plaintiff advised Safeco that it had chosen to close down its business but would keep going if it appeared that there would be a swift determination by Safeco as to whether its insureds were liable. Plaintiff so advised Safeco because plaintiff believed there was a strong likelihood that defendant’s insureds were liable for the fire and plaintiff’s loss and Safeco would ultimately bear the cost thereof. On September 22, five days after the fire, plaintiff communicated these facts to Safeco’s agent, Christopher J. Mead, and was told by Mead that there would be a speedy investigation and good faith offer to settle if investigation indicated liability. On September 29, 1974, Hal Morrison, a claims manager for Safeco, represented to plaintiff that Safeco was making a speedy and thorough investigation of the origin of the fire and the liability of its insureds and had hired Mr. John Peterson, a fire origin expert, who was assisting in the investigation of the fire. In January 1975, Tony Santos, an adjuster for Safeco, represented to plaintiff that Safeco was examining the origin report prepared by Mr. Peterson and would quickly make a determination as to liability based on that report.
 

 The complaint further alleged that the above facts were untrue and known by Safeco to be untrue, were made with the intent to deceive plaintiff and to induce plaintiff to act. In actuality, Safeco was not conducting a speedy and thorough investigation, had not hired Mr. John Peterson, and was not examining, nor did it have an origin report prepared by that expert. On numerous occasions between September and January, the general manager of plaintiff communicated with Safeco telling its agents that plaintiff had relied and was continuing to rely on the aforementioned representations and was suffering losses in its business. Without these representations which Safeco continued to make, plaintiff would have known that there was no likelihood of a liability determination by Safeco without resorting to suit and, in that event, plaintiff would have closed down the business immediately and sought legal remedies. In fact, plaintiff remained in business for six months and, by reason thereof, was damaged in the sum of $300,000. Plaintiff requested this sum in compensatory damages and $900,000 in punitive damages.
 

 
 *619
 
 Based upon the above allegations, plaintiff based his seventh cause of action on intentional misrepresentation, his eighth cause of action on negligent misrepresentation, and his ninth cause of action on fraudulent concealment.
 

 Safeco demurred to the third amended complaint and was successful as it had been in earlier demurrers. Dismissal was entered on April 28, 1976.
 

 The third amended complaint states a cause of action in fraud.
 

 California has long held that the noninsured injured party cannot sue the insurer directly or join it in the original action against the insured tortfeasor.
 
 (Spencer
 
 v.
 
 State Farm Mut. Auto. Ins. Co.,
 
 152 Cal.App.2d 797 [313 P.2d 900].) Nor may the injured party avoid this rule by alleging that the insurer has violated a duty to settle the claim for the duty to settle is owed to the insured not the injured party.
 
 (Murphy
 
 v.
 
 Allstate Ins. Co.,
 
 17 Cal.3d 937, 941 [132 Cal.Rptr. 424, 553 P.2d 584];
 
 Zahn
 
 v.
 
 Canadian Indem. Co.,
 
 57 Cal.App.3d 509, 514 [129 Cal.Rptr. 286].) It does not follow, however, that an insurance company is not liable for its own torts simply because they arise from a situation in which the victim is not an insured. An insurance company’s position does not, of course, give it a license to defraud.
 

 “The essential allegations of an action for fraud are a misrepresentation, knowledge of its falsity, intent to defraud, justifiable reliance, and resulting damage. [Citation.] Every element of the cause of action for fraud must be alleged in the proper manner and the facts constituting the fraud must be alleged with sufficient specificity to allow defendant to understand fully the nature of the charge made. [Citation.]”
 
 (Roberts
 
 v.
 
 Ball, Hunt, Hart, Brown & Baerwitz,
 
 57 Cal.App.3d 104, 109 [128 Cal.Rptr. 901].)
 

 The representations upon which the causes of action are based are that Safeco was making a speedy and thorough investigation of the origin of the fire and had hired a certain fire expert to assist. These are representations of present fact as is the later representation that Safeco was examining the origin report. It is noted that appellant does not allege a false promise either to settle or to make a speedy and thorough investigation in the future. The former would not be the gist of the complaint and the latter would be insufficient because of the lack of an allegation that there was no intention to perform. (See 3 Witkin, Cal.
 
 *620
 
 Procedure (2d ed. 1971) Pleading, § 581, p. 2219.) While, as Safeco points out, the words “speedy” and “thorough” are susceptible to a variety of interpretations depending, in part, upon the complexity of the matters investigated, that the investigation was in fact “speedy” and “thorough” would be a matter of defense. The fact that the plaintiff may have difficulty proving that the representations were false does not make the allegation inadequate. “[I]n testing the sufficiency of a pleading against a general demurrer, all well-pleaded allegations, including those that arise by reasonable inference, are deemed admitted irrespective of the difficulty of proof at trial.”
 
 (Universal By-Products, Inc.
 
 v.
 
 City of Modesto,
 
 43 Cal.App.3d 145, 151 [117 Cal.Rptr. 525].)
 

 It is clear that appellant has pleaded every basic element of fraud in his causes of action. Safeco’s contention, basically, is that the complaint demonstrates on its face that appellant’s alleged “reliance” was neither actual nor justified. It is concluded, however, that it cannot be said as a matter of law that on these facts there was no justifiable reliance alleged.
 

 Appellant alleges that it had before it a decision as to whether to close the business or remain open at a loss and that Safeco intentionally induced it to remain open. It can be reasonably inferred that lost profits from the fire would be greater if appellant’s business closed rather than stayed open but operating at a loss and that, thus, a decision to remain open would be advantageous to Safeco in the event that its insureds became liable for losses from the fire, including lost profits. It is also possible, as alleged, that appellant’s decision to stay open would be influenced by the length of time it would be operating at a loss before a decision on liability would be made. If so, the natural party to rely on for information regarding
 
 when
 
 a decision would be made would be the insurance company. The company correctly points out that it had no duty to answer appellant’s questions but if it did offer information, it had a duty to tell the truth. It follows that if the decision to remain open was induced by false representations made with the requisite fraudulent intent, liability could be imposed.
 

 Plaintiff is seeking here damages from the defendant’s insurance company for intentional and negligent misrepresentation. Based on these representations, he chose to keep open his business at a loss rather than
 
 *621
 
 to immediately close his business and bring suit. Inducement, intent to defraud, reliance and damages are all pleaded.
 

 Judgment reversed.
 

 Scott, Acting P. J., and Devine, J.,
 
 *
 
 concurred.
 

 A petition for a rehearing was denied November 3, 1977.
 

 *
 

 Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairperson of the Judicial Council.
 

 *
 

 Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairperson of the Judicial Council.