[Civ. No. 52252. First Dist., Div. One. Feb. 25, 1983.]

BOB JOHNSON, Plaintiff and Appellant, v.
ARCHIE THREATS et al., Defendants and Respondents.

COUNSEL

C. Scott Bridges, David I. Ogren and Bridges Vencill & Mullin for Plaintiff and Appellant.

William E. Jageman and Jageman & McGraw for Defendants and Respondents.

OPINION

**ELKINGTON, Acting P. J.**—Counts one and two of plaintiff's complaint alleged causes of action against defendant Archie Threats for damages for personal injuries, arising out of a motor vehicle accident alleged to have been caused by that defendant's negligence, and his intentional, wanton, and reckless conduct.

By counts three, four, five, six and seven, the complaint sought damages from Archie Threat's automobile liability insurance carrier, defendant State Farm Mutual Automobile Insurance Company (State Farm), its employees, defendants Louise SooHoo and William Day, and defendant Archie Threats, on the ground that they had engaged in unfair insurance claims practices, prohibited generally by Insurance Code sections 790-790.10 inclusive, and particularly by Insurance Code section 790.03, subdivision (h). Compensatory damages, and punitive damages of millions of dollars, were sought.

In the superior court defendant State Farm and its employees moved to strike counts three, four, five, six and seven. The motion was based upon their following argument:

"In our case the plaintiff is attempting to do just what the California Supreme Court in the Royal Globe Insurance Company case [*Royal Globe Ins. Co.* v. *Superior Court* (1979) 23 Cal.3d 880] said a plaintiff cannot do. At page 891, the [*Royal Gobe Ins. Co.*] court said: 'Finally, we agree with defendant that plaintiff may not sue both the insurer and the insured in the same lawsuit. Section 1155 of the Evidence Code provides that evidence of insurance is inadmissible to prove negligence or wrongdoing. The obvious purpose of the provision is to prevent the prejudicial use of evidence of liability insurance in an action against an insured.' "

An order of the superior court thereafter struck counts three, four, five, six and seven. The appeal presently before us was taken by plaintiff from that order.

■ We conclude first, that the order was appealable. "If the . . . striking out of a pleading has the effect of finally determining the issues relating to the pleader's rights . . ., the order is a final judgment as to him," and is appealable. (6 Witkin, Cal. Procedure (2d ed 1971) Appeal, § 44, pp. 4057-4058.) And it is settled that an appeal is permissible "when the case involves multiple parties and a judgment is entered which leaves no issue to be determined as to one party." (*Justus* v. *Atchison* (1977) 19 Cal.3d 564, 568 [139 Cal.Rptr. 97, 565 P.2d 122]; and see authority there collected.)

In *Royal Globe Ins. Co.* v. *Superior Court* (1979) 23 Cal.3d 880 [153 Cal.Rptr. 842, 592 P.2d 329] the plaintiff and real party in interest was situated as is the plaintiff of the instant action. The alleged tortfeasor's insurance carrier was Royal Globe Insurance Company. In her action against the claimed tortfeasor, she joined his insurance carrier, seeking damages (as has the plaintiff of the case before us) because of claimed violations of Insurance Code section 790.03, subdivision (h).

*Royal Globe Ins. Co.* v. *Superior Court* held "that a third party claimant may sue an insurer for violating [Ins. Code, § 790.03, subd. (h)], but that the third party's suit may not be brought until the action between the injured party and the insured is concluded." (23 Cal.3d, p. 884.)

The court's requirement of a separate lawsuit appears to have been based primarily upon Evidence Code section 1155, the purpose of which is to avoid a trial's prejudicial mention of a defendant's insurance coverage.[1] For as the high court said: "A joint trial against the insured for negligence and against the insurer for violating its duties under [Ins. Code, § 790.03] subdivision (h) would obviously violate both the letter and spirit of the section." (23 Cal.3d, p. 891.)

█ It follows that the superior court properly struck counts three, four, five, six and seven of plaintiff's complaint.

█ But, we think, there is yet another issue. Throughout the complaint there is found, impliedly at least, a thread of another grievance. It is that defendant State Farm and its employees had, by fraud and conspiracy, *and by violation of Insurance Code section 790.03, subdivision (h),* obtained from plaintiff a release (hereafter Release) of the claimed tortfeasor, defendant Archie Threats, of all claims arising out of the subject motor vehicle accident.

Manifestly, the validity of the Release would be a prime and essential issue of the remaining personal injury action of counts one and two.

Code of Civil Procedure section 379 provides, as here relevant: "(a) All persons may be joined in one action as defendants if there is asserted against them:

(1) Any right to relief jointly, severally, or in the alternative, in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action; . . .

(b) It is not necessary that each defendant be interested as to every cause of action or as to all relief prayed for. Judgment may be given against one or more defendants according to their respective liabilities. . . ."

Such parties "should normally be joined, and the court, following the equity rule, will usually require them to be joined, in order to carry out the policy of complete determination and avoidance of multiplicity of suits." (*Peabody Seating Co.* v. *Superior Court* (1962) 202 Cal.App.2d 537, 544 [20 Cal.Rptr. 792].)

---

[1] "Evidence that a person was, at the time a harm was suffered by another, insured wholly or partially against loss arising from liability for that harm is inadmissible to prove negligence or other wrongdoing." (Evid. Code, § 1155.)

We discern nothing in *Royal Globe Ins. Co.* v. *Superior Court* that prevents, or discourages, application of this rule in cases such as that before us—where the trial's otherwise incongruous issues are bifurcated, and the jury trying the issue of a defendant's liability for damages is afforded no knowledge of his insurance coverage.

We are of the opinion that instead of affirming the order which effectively dismissed plaintiff's action as to defendant State Farm and its employees, the cause should be remanded to the superior court, with an opportunity to plaintiff to amend his complaint, if he shall so elect, thus to appropriately plead the issue of the Release's validity.

The cause is remanded to the superior court which will modify the order striking counts three, four, five, six and seven of the complaint, by allowing plaintiff, if he shall so elect, to amend his complaint in a manner not inconsistent with the views we have expressed. As so modified the order is affirmed. The court will thereafter take such proceedings as are in accordance with law. The parties will stand their respective costs of the appeal.

Newsom, J., and Holmdahl, J., concurred.