[No. G002319. Fourth Dist., Div. Three. Oct. 10, 1986.]

VIQUAR AHMED, Plaintiff and Appellant, v.
DELMAR E. PETERSON et al., Defendants and Respondents.

**[Opinion certified for partial publication.[1]]**

---

[1]Pursuant to California Rules of Court, rule 976(b), part II is not published, as it doe[s] not meet the standards for publication.

COUNSEL

Viquar Ahmed, in pro per., for Plaintiff and Appellant.

Dimino & Card, John Calfee Mulvana, Gilbert, Kelly, Crowley & Jennett, Patrick A. Mesisca, Jr., and Peter J. Godfrey for Defendants and Respondents.

OPINION

**SONENSHINE, J.**—Viquar Ahmed was involved in an automobile accident with Delmar E. Peterson. Shortly thereafter Ahmed filed the underlying

complaint. The first cause of action alleged Peterson's negligence resulted in damages to Ahmed. The second cause of action claimed the Automobile Club of Southern California (Auto Club), Peterson's insurance company, had orally promised to settle the case and then reneged. Ahmed sought damages resulting from breach of the oral agreement.

Both defendants demurred. Peterson's demurrer was overruled. The Auto Club was more successful. Its demurrer was sustained with leave to amend. Ahmed amended the original complaint; in fact, he filed three amended complaints. The court sustained the Auto Club's demurrer to the third amended complaint without leave to amend and eventually dismissed the complaint against the Auto Club.

Meanwhile, the litigation with Peterson continued. Peterson answered the complaint. Ahmed propounded interrogatories to Peterson and later filed an Evidence Code section 669 motion seeking a judicial determination of Peterson's negligence as a matter of law. The motion was denied but the court granted Peterson's request for sanctions.

Viquar Ahmed appeals the judgment of dismissal of his complaint against the Auto Club and the order of sanctions in favor of Peterson. We reverse the judgment of dismissal and the order of sanctions.

I

■ Ahmed argues the trial court erred in dismissing its cause of action against the Auto Club. The trial court's minute order indicates it relied on *Royal Globe Ins. Co.* v. *Superior Court* (1979) 23 Cal.3d 880 [153 Cal.Rptr. 842, 592 P.2d 329]. Ahmed urges *Royal Globe* is inapposite because his is a "simple breach of contract action [and] . . . is not a complain[t] under sections 790.03, subd. (h), of [the] Insurance Code." He is correct.

*Royal Globe* held "a third party claimant may sue an insurer for violating subdivisions (h)(5) and (h)(14) . . . ." (*Id.,* at p. 884.) The court, however, concluded "the third party's suit may not be brought until the action between the injured party and the insured is concluded." (*Ibid.*)

Ahmed is not, however, seeking relief based on Insurance Code section 790.03, subdivision (h). The relevant portion of his complaint states a cause

of action for breach of contract.[2] Ahmed alleges an agreement was entered into for settlement of his claim and when it was to be paid. And he alleges the Auto Club breached that agreement. He is alleging the insurer's breach of contract, separate and apart from any liability on the part of the insured. This cause of action does not arise under the Insurance Code.

Thus the trial court erred in dismissing this cause of action. This is particularly true where, as here, the plaintiff, because of the applicable statute of limitations (Code Civ. Proc., § 339), would otherwise be barred from bringing suit against the insurer. The statute would have long since run if Ahmed had to wait to bring suit against the Auto Club until after the litigation with Peterson was completed.

*Royal Globe* does raise a policy consideration which is however relevant here. "Section 1155 of the Evidence Code provides that evidence of insurance is inadmissible to prove negligence or wrongdoing. The obvious purpose of the provision is to prevent the prejudicial use of evidence of liability insurance in an action against an insured. [Citations.] A joint trial against the insured for negligence and against the insurer for violating its duties under subdivision (h) would obviously violate both the letter and spirit of the section." (*Id.,* at p. 891, fn. omitted.)

But this problem is easily remedied. The breach of contract cause of action against the Auto Club can be bifurcated from the cause of action against Peterson. "[T]he jury trying the issue of [Peterson's] liability for damages [will be] afforded no knowledge of his insurance coverage." (*Johnson* v. *Threats* (1983) 140 Cal.App.3d 287, 291 [189 Cal.Rptr. 447].)

II*

.  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .

---

[2]The relevant portion is as follows: "SUE SEER informed plaintiff that she had investigated the accident, had reported her investigation to her supervisor and stated that AUTO CLUB accepted liability on behalf of defendant PETERSON and stated that AUTO CLUB would settle for 50 percent of plaintiff's claimed amount for everything, and offered settlement and agreed to settle plaintiff's claim in the amount of $5000 for damage to his automobile and half of his medical bills and damage for personal injury which would be in the amount of $50,000. Plaintiff agreed and inquired of SUE SEER as to when AUTO CLUB would pay plaintiff said money because plaintiff then had an immediate transportation problem. SUE SEER informed plaintiff that it would approximately be one week within which AUTO CLUB would pay any money to plaintiff. . . . Defendant AUTO CLUB has . . . reneged on the agreement . . . and failed to reimburse plaintiff . . . ."

*See footnote, *ante,* page 374.

The judgment insofar as it dismisses Ahmed's second cause of action and orders sanctions is reversed. Ahmed is to recover his costs on appeal relative to it.

Trotter, P. J., and Wallin, J., concurred.