[No. B019702. Second Dist., Div. Six. Jan. 26, 1987.]

SHARON GERACI, Plaintiff and Appellant, v.
UNITED SERVICES AUTOMOBILE ASSOCIATION et al., Defendants
and Respondents.

COUNSEL

Graves & Roberson, Stephen D. Roberson and Kevin P. McVerry for Plaintiff and Appellant.

Patrick J. Hast and W. T. Maskey for Defendants and Respondents.

OPINION

STONE, P. J.—May an insurance company and its agents charged with actionable claim-handling practices be joined in the same action with the negligent insured driver? We hold they may not.

Sharon Geraci (plaintiff) appeals from an order of dismissal after the sustaining of a demurrer to her third amended complaint. This amended complaint for personal injury, breach of contract, fraud and punitive damages alleges that defendants United Services Automobile Association (USAA) and Carl Warren & Co. (Warren) were insurance companies, insurance company administrators and claim adjusting services, that defendant Al Shaw was an employee of Warren, and that defendants USAA and Warren were acting as insurance companies, insurance company administrators and claim adjusting services for defendant Moores.

The first cause of action alleges that defendant Moores negligently operated an automobile on or about August 2, 1983, which proximately caused plaintiff injury and damages, and that defendants USAA, Warren and Shaw are estopped from asserting the statute of limitations as a defense. The second through fifth causes of action allege various theories against defendants USAA, Warren and Shaw stemming from their alleged representations to plaintiff that they wished to settle her personal injury claim which lulled her into a sense of security "such that she would not consult with an attorney or file a lawsuit until after the statute of limitations had run on her claim." The sixth cause of action against these defendants alleges breach of contract, in that defendants entered into a written and oral contract, the terms of which were that at the "appropriate time for the settlement of Plaintiff's claim," they would contact plaintiff and settle the claim.

According to plaintiff, defendants acted in a fraudulent fashion since they represented to her that they wished to settle her personal injury claim growing out of the automobile accident with defendant Moores, their representations were false, they never intended to contact her and settle her claim, but intentionally misled and deceived her so that the statute of limitations

would and did run, and further intended to use and did use the statute of limitations as a bar to her claim, resulting in "general and special damages including embarrassment, humiliation, physical, mental and emotional distress and discomfort."

Defendant Moores filed an answer specifically waiving the statute of limitations as a defense. Defendants USAA, Warren and Shaw demurred on grounds that an insurance company and its agents may not be joined with the insured negligent driver in the same action. The court sustained the demurrer without leave to amend, and defendants USAA, Warren and Shaw were dismissed from the action.

### Discussion

According to plaintiff, the sole issue presented is whether her allegations were sufficient to state a cause of action for fraud against these defendants. Plaintiff incorrectly frames the issue. The allegations of her complaint are pertinent only insofar as they bear on the issue of joinder of defendants, as that was the sole ground for demurrer, and not failure to state a cause of action. (Code Civ. Proc., § 430.10, subd. (e).) Therefore, we assume the complaint is sufficient to set forth the causes of action alleged against defendants. (See *Landau* v. *Salam* (1971) 4 Cal.3d 901, 909, fn. 10 [95 Cal.Rptr. 46, 484 P.2d 1390].)

A demurrer may be taken to the whole complaint or to any of the causes of action stated. (Code Civ. Proc., § 430.50.) The party against whom a complaint has been filed may object to the pleading by demurrer or answer on grounds of misjoinder of parties. (Code Civ. Proc., § 430.10.) **(1)** In determining the sufficiency of a complaint against demurrer, the court considers not only the contents of the complaint but also matters of which judicial notice may be taken. (Code Civ. Proc., § 430.30, subd. (a); *Javor* v. *State Board of Equalization* (1974) 12 Cal.3d 790, 796 [117 Cal.Rptr. 305, 527 P.2d 1153].)

██ In *Royal Globe Ins. Co.* v. *Superior Court* (1979) 23 Cal.3d 880 [153 Cal.Rptr. 842, 592 P.2d 329], the California Supreme Court held that an individual who is injured through the negligence of an insured may sue the insured's insurer for unfair claims practices pursuant to Insurance Code section 790.03. That section defines and enumerates unfair methods of competition and unfair and deceptive acts or practices in the business of insurance. The Supreme Court concluded that subdivision (h) of the statute "was intended to prohibit unfair settlement practices by insurers directed against both claimants and insureds." (*Id.,* at p. 888.)

However, *Royal Globe* also held that plaintiff may not sue both the insurer and the insured in the same lawsuit. (23 Cal.3d 880, 891.) "Section 1155 of the Evidence Code provides that evidence of insurance is inadmissible to prove negligence or wrongdoing. The obvious purpose of the provision is to prevent the prejudicial use of evidence of liability insurance in an action against an insured. [Citations.] A joint trial against the insured for negligence and against the insurer for violating its duties under subdivision (h) would obviously violate both the letter and spirit of the section. [Fn. omitted.] [¶] Moreover, unless the trial against the insurer is postponed until the liability of the insured is first determined, the defense of the insured may be seriously hampered by discovery initiated by the injured claimant against the insurer. In addition, damages suffered by the injured party as a result of the insurer's violation of subdivisions (h)(5) and (h)(14) may best be determined after the conclusion of the action by the third party claimant against the insured. Thus, plaintiff's claim against defendant was brought prematurely and the trial court should have sustained defendant's demurrer and granted the motion for judgment on the pleadings on that ground." (*Royal Globe Ins. Co.* v. *Superior Court, supra*, 23 Cal.3d 880, 891-892, fn. omitted.)

Plaintiff contends *Royal Globe* does not prevent joinder because she is not bringing a "bad faith" action; she is not: (1) seeking damages under the Insurance Code for unfair claims practices; (2) bringing any action on the insurance policy; or (3) alleging any assignment by defendant Moores of his rights under the policy against the remaining defendants. In support of her position, she cites *Muraoka* v. *Budget Rent-A-Car, Inc.* (1984) 160 Cal.App.3d 107 [206 Cal.Rptr. 476]. The facts in *Muraoka* are similar to those at bench. There, plaintiff was struck by a car owned by Budget. Budget requested medical information before it could settle Muraoka's claim, did not obtain medical reports, and did not offer to settle until a year after the accident. When its offer was refused, it relied on the statute of limitations as a bar. Muraoka filed causes of action almost identical to those before us except that Muraoka's fourth cause of action against Budget, a self-insured business, was for breach of Insurance Code section 790.03. Respondents filed demurrers on grounds that the cause of action was barred by the applicable one year statute of limitations and it had no duty to notify plaintiff of that statute. The demurrers were sustained without leave to amend.

The appellate court held that Muraoka stated sufficient allegations of estoppel, fraud and negligent misrepresentation against Budget. Without deciding whether Budget was an insurer within the meaning of Insurance Code section 790.01 or whether its conduct violated the provisions of section 790.03, it held that plaintiff was precluded from bringing an action against Budget for its alleged bad faith practices in its capacity as an insurer until conclusion of the underlying action against the insured. (160 Cal.App.3d 107, 120.)

*Muraoka* relied upon *Regus* v. *Schartkoff* (1957) 156 Cal.App.2d 382 [319 P.2d 721], a dog bite case. In *Schartkoff,* plaintiff alleged fraud on the part of the dog's owners' insurance company since the insurer made representations that it would settle the dispute without intending to do so, thereby inducing her to refrain from consulting an attorney or filing a suit until after the expiration of the applicable statute of limitations. (*Id.,* at p. 386.)

The trial court sustained a demurrer on the grounds that the action was barred by the statute of limitations and the complaint failed to state causes of action. The appellate court ruled that plaintiff stated causes of action against Allstate and its agent for fraud, deceit, and breach of contract but that, as against the dog's owners, estoppel would not prevent the running of the statute of limitations since she waited two years after discovery of the fraud to file her lawsuit. The court rejected defendants' arguments that the other causes of action were based on an insurance policy and that an action did not lie until a judgment had been obtained against the insured. "The causes of action alleged in these counts are not under an insurance policy, nor are they based on the benefits of an insurance policy. The gist of the causes of action in Counts II and III is in tort. The gist of the cause of action alleged in Count IV is a contract wholly independent of the insurance policy." *(Id.,* at p. 392.)

We find these cases distinguishable from the case before us. They do not stand for the proposition that an insurance company and its agents may properly be joined in an action with an insured. Misjoinder of parties was not a ground alleged for demurrer in either case. In *Muraoka,* Budget, actual owner of the car, was joined in the action with its permissive user because of its alleged tortious conduct in attempting to avoid its own liability. Budget is not an insurance company and no question of insurance would arise nor would it be necessary to discuss whether Budget was self-insured. Thus, the proscription of Evidence Code section 1155 would not be violated.[1]

Moreover, once the elements of an estoppel have been sufficiently pleaded, whether the statute of limitations is tolled by the conduct of the defendant is a question to be decided by the trier of fact. (*Muraoka* v. *Budget Rent-A-Car, Inc., supra,* 160 Cal.App.3d 107, 117.) Budget's conduct would, therefore, be relevant on the issue of estoppel at trial in *Muraoka.*[2] Here, since Moores specifically waived the statute of limitations defense in his

---

[1]Evidence Code section 1155 provides: "Evidence that a person was, at the time a harm was suffered by another, insured wholly or partially against loss arising from liability for that harm is inadmissible to prove negligence or other wrongdoing."

[2]Had Budget been an insurance carrier, it would still *not* be necessary to join it as a party in the action to permit plaintiff to plead on estoppel. (See *Wyene* v. *Durrington* (1952) 112 Cal.App.2d 821 [247 P.2d 414].)

answer (a matter judicially noticeable by the trial court and by this court (Evid. Code, § 452, subd. (d)), evidence of the other defendants' unfair settlement practices is irrelevant to plaintiff's cause of action against Moores, would be prejudicial to defendant Moores, and might well constitute reversible error. (See *Neumann* v. *Bishop* (1976) 59 Cal.App.3d 451, 469 [130 Cal.Rptr. 786].)

In *Regus* v. *Schartkoff, supra,* 156 Cal.App.2d 382, the appellate court affirmed dismissal of the action against the insured defendants. (*Id.,* at p. 392.) Therefore, plaintiff's suit therein would proceed to trial solely against the insurer and its agents. Again, this procedure does not violate the stricture of *Royal Globe* or Evidence Code section 1155.

Plaintiff asserts that *Royal Globe* precludes only an action against insured and insurer for bad faith in the same lawsuit, but an insurance company is not entitled to a dismissal of fraud allegations against it where the insured is named in the same lawsuit and the fraud is "inextricably intertwined" with the facts of the automobile accident. She argues that a footnote in *Royal Globe* suggests that severance of trials may be appropriate instead of dismissal.

The footnote to which plaintiff refers states: "Contrary to plaintiff's assertion, *Mel H. Binning, Inc.* v. *Safeco Ins. Co.* (1977) 74 Cal.App.3d 615 [ ], does not support her assertion that she may proceed to try her action against both the insurer and the insured in a joint trial. In *Binning,* the plaintiff alleged causes of action against three insureds and their insurer, in a single complaint, basing the liability of the insurer upon allegations of fraud. It was held that he had stated a cause of action against the insurer, but the opinion does not discuss the question whether a joint trial would be appropriate." (*Royal Globe, supra,* 23 Cal.3d at p. 891-892, fn. 12.)

■ Initially, we reiterate that, due to Moores's waiver of the statute of limitations defense, the other defendants' alleged misconduct is not "inextricably intertwined" with the evidence of the automobile accident. Thus, even though there might be cases in which the alleged fraud of the insurer is relevant to an issue in the trial of the insured, this case is not one of them. Additionally, *Binning* was decided—as was *Schartkoff*—prior to *Royal Globe* at a time when the law did not allow a noninsured injured party to sue the insurer directly by alleging that the insurer had violated a duty to settle the claim.[3] (*Mel H. Binning, Inc.* v. *Safeco Ins. Co., supra,* 74 Cal.App.3d 615, 619.) The duty to settle was owed to the insured not the

---

[3] *Schartkoff* was decided before the Unfair Trade Practices Act (art. 6.5 of the Ins. Code) was enacted. (Stats.1959, ch. 1737, § 1, p. 4187.) Subdivision (h) of section 790.03, concerning unfair claims settlement practices, was added in 1972.

injured party. (*Id.,* citing *Murphy* v. *Allstate Ins. Co.,* (1976) 17 Cal.3d 937, 941 [132 Cal.Rptr. 424, 553 P.2d 584].) *Binning* stated that, "It does not follow, however, that an insurance company is not liable for its own torts simply because they arise from a situation in which the victim is not an insured. An insurance company's position does not, of course, give it a license to defraud." [74 Cal.App.3d at p. 619].

 We do not know how the reviewing court in *Binning* would have solved the problem of joint trials as it was not called upon to decide it. We *do* know that *Royal Globe* expressly held that "plaintiff *may not sue both the insurer and the insured in the same lawsuit.*" (23 Cal.3d 880, 891, italics added.) The Supreme Court did not suggest that plaintiff's claim against defendant therein should be severed; it said the claim *was brought prematurely* and that the trial court should have sustained defendant's demurrer. (*Ibid.*)[4]

The recent appellate decision of *Ahmed* v. *Peterson* (1986) 186 Cal.App.3d 374 [230 Cal.Rptr. 636] does not compel a different result. There, Ahmed sued Peterson for damages resulting from negligence after Ahmed was involved in an automobile accident with Peterson. The second cause of action claimed the Automobile Club of Southern California (Auto Club), Peterson's insurance company, had orally promised to settle the case and then reneged. Ahmed sought damages resulting from breach of the oral agreement.

The trial court sustained Auto Club's demurrer without leave to amend and eventually dismissed the complaint against the Auto Club. Ahmed appealed the judgment of dismissal, arguing that his cause of action was for breach of contract and not a complaint under section 790.03, subdivision (h). The appellate court agreed that the cause of action did not arise under the Insurance Code and held the trial court erred in dismissing this cause of action, especially since the applicable statute of limitations would otherwise bar Ahmed from bringing suit against Auto Club after litigation with Peterson was completed. The appellate court stated that the proper procedure was to bifurcate the action against Auto Club from the cause of action against Peterson. (*Id.,* at p. 377.)

The *Ahmed* court relied upon *Johnson* v. *Threats* (1983) 140 Cal.App.3d 287 [189 Cal.Rptr. 447]. In *Johnson,* the appellate court affirmed the superior court's ruling striking causes of action against defendant's insurance company which alleged unfair insurance claim practices but remanded to

---

[4]Conversely, demurrer on grounds of misjoinder is inappropriate and a motion for severance or for a protective order the preferred remedy where plaintiff is uncertain which defendant caused the injury and damage. (*Landau* v. *Salam, supra,* 4 Cal.3d 901, 908.)

allow plaintiff to amend to allege that the insurer, by fraudulent conspiracy, and by violation of Insurance Code section 790.03, subdivision (h), obtained from plaintiff a release of the claimed tortfeasor. The court noted that, "Manifestly, the validity of the Release would be a prime and essential issue of the remaining personal injury action of counts one and two." (*Id.,* at p. 290.) The *Johnson* court indicated that the trial court could bifurcate issues so that the jury trying defendant's liability for damages is afforded no knowledge of his insurance coverage. (*Id.,* at p. 291.)

In both *Ahmed* and *Johnson* resolution of the litigation against the insureds necessarily would resolve the causes of action against the insurers. In *Ahmed,* if plaintiff tried the breach of contract action first and prevailed, there would be no trial on the insured's negligence. In *Johnson,* if the release was valid, plaintiff would be precluded from recovering from the insured. Here, although plaintiff's causes of action were not couched in terms of violations of section 790.03 the conduct of which she complains stems from defendants' claims-handling practices. Thus, they should be governed by *Royal Globe.*

Aside from what appears to be a clear mandate for separate lawsuits, there is another reason why severance would not be appropriate under *Royal Globe.* Although it would obviate the problem of prejudicial use of evidence of liability insurance, it would not prevent the "serious hampering" in the defense of the insured by discovery initiated by the claimant against the insurer. (23 Cal.3d at pp. 891-892.) The trial court properly granted defendants' demurrer without leave to amend.

The judgment of dismissal is affirmed.

Gilbert, J., and Abbe, J., concurred.