Filed 11/27/23  Eghtesad v. State Farm General Insurance Co. CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| NADER EGHTESAD,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>STATE FARM GENERAL<br>INSURANCE CO. et al.,<br><br>    Defendants and Respondents. | A163940<br><br>(Contra Costa County<br>Super. Ct. No. MSC-15-01014) |

This is Nader Eghtesad's second appeal from the underlying matter, which began when Eghtesad sued State Farm General Insurance Company (State Farm) for denying his claims for damage to business rental property he owned and for lost rental income.  In the first appeal, taken from the judgment entered after State Farm's demurrer was sustained without leave to amend, we reversed and remanded with directions.  (*Eghtesad v. State Farm General Ins. Company* (2020) 51 Cal.App.5th 406, 416 (*Eghtesad I*).)

Eghtesad then filed an amended complaint against State Farm and its alleged agent, Sam Limones.  The trial court struck all the causes of action against Limones and some of the causes of action against State Farm on the grounds that they exceeded the scope of the remittitur, and eventually sustained a demurrer as to Eghtesad's remaining causes of action against State Farm without leave to amend.  In this appeal, Eghtesad argues that the

1

trial court erred in striking his claims against Limones and that he should be granted leave to amend as to Limones and State Farm. We shall affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

### A. *Original Complaint*

Representing himself, Eghtesad sued State Farm for breach of contract and fraud after State Farm denied his claims for repairs to real property that he had leased to Pablo Martinez and for loss of rental income. State Farm demurred. Eghtesad sought three continuances, two of which were granted in part, but he never responded to the demurrer. (*Eghtesad I*, *supra*, 51 Cal.App.5th at p. 410.) Eventually the trial court sustained State Farm's demurrer to Eghtesad's original form complaint without leave to amend and Eghtesad appealed. Now represented by counsel, Eghtesad argued that he could amend his complaint to allege causes of action against State Farm for breach of contract and fraud, and that he might be able to amend to allege a cause of action for bad faith based on the denial of his claim. (*Id.* at pp. 407, 408, 413.) We reversed and our disposition directed the trial court to give Eghtesad leave "to amend his complaint to allege, if he is able, causes of action against State Farm for breach of contract, fraud, and bad faith." (*Id.* at p. 416.)

### B. *First Amended Complaint*

Eghtesad then filed a first amended complaint (FAC) alleging a cause of action titled declaratory relief against State Farm, and causes of action titled breach of contract, breach of the covenant of good faith and fair dealing, and negligence against State Farm and a new defendant, Limones. Eghtesad alleged that he leased property to Martinez under terms that required Martinez "to obtain insurance and to add [Eghtesad] to the policy as an

2

additional insured."[1]  Eghtesad alleged that "[f]rom approximately August 11, 2010" (the date the lease was signed), State Farm sold Martinez insurance policies for the leased property to cover "specified losses including coverage for buildings and business personal property as defined in the endorsement pages of the policies" attached to the FAC. [2]  Eghtesad alleged that the insurance policies covered losses resulting from various causes, including "vandalism," and also covered loss of income.

According to the FAC, Limones, a State Farm agent, had a copy of the lease between Eghtesad and Martinez; Limones confirmed with Eghtesad that he was an additional insured on the policy; and in reliance upon the assurances by State Farm and Limones, Eghtesad leased the property to Martinez.  Then, in April 2012, Eghtesad discovered that the interior of the property "had been damaged by way of vandalism or other means."  When Eghtesad made a claim for repairs and loss of rent, which Eghtesad believed were covered by the policy, State Farm denied the claim, with the result that Eghtesad had to bear the cost of repairs and the loss of rental income while the repairs were being made.

Defendants moved to strike all the causes of action alleged against Limones, as well as the causes of action for negligence and declaratory relief

---

[1] A copy of the lease was attached to Eghtesad's initial complaint.  The lease was from January 1, 2010 through December 30, 2013, although apparently signed by Eghtesad and Martinez on August 11, 2010.  Eghtesad represents on appeal that possession was handed over to Martinez in about January 2011.  The property was to be used only as a shoe repair and recycling shop.  The lease included the following term: "Lessee agree [*sic*] to have full coverage fire insurance for amount of 450,000,00 [*sic*] and minimum of 1,000,000,00 [*sic*] insurance liability and add landlord on the policy."

[2] Attached to the FAC were endorsement pages of the policies that were purportedly issued in August 2010, including an endorsement that named Eghtesad as an additional insured.

against State Farm, on the ground that they exceeded the scope of this court's directive in *Eghtesad I*, which limited leave to amend the original complaint to allege specified causes of action against State Farm. Defendants also demurred on the ground that none of Eghtesad's claims stated a viable cause of action. The trial court granted State Farm's unopposed motion to take judicial notice of the insurance policy between Martinez and State Farm. The policy includes the endorsements that Eghtesad attached to the FAC.

The trial court granted the motion to strike as to Limones and as to the negligence and declaratory relief causes of action against State Farm, and sustained the demurrer as to the causes of action for breach of contract and bad faith against State Farm with leave to amend. In its order on the demurrer the court stated, "To the extent Plaintiff argues that his allegations amount to a cause of action for negligent misrepresentation based on an allegation that Limones represented to him that he was an additional insured . . . , the fact remains that Plaintiff is an additional insured under the Policy. Unless Plaintiff can credibly allege facts that Defendant made representations to him about the breadth of coverage under the policy that were not true, as pled the FAC does not even allege a plausible cause of action for negligent representation." Notice of entry of the order on the motion to strike was served on June 8, 2021.

C.   *Second Amended Complaint*

Eghtesad filed a second amended complaint (SAC) alleging causes of action against State Farm titled breach of contract and bad faith. The SAC differed from the FAC with respect to allegations concerning Eghtesad's interaction with Limones, the damage to the property, and the denial of Eghtesad's claim.

4

As in the FAC, Eghtesad alleged in the SAC that "from approximately August 11, 2010," State Farm sold Martinez insurance to cover property Eghtesad had leased to him, under a lease that required Martinez "to obtain insurance as well as required adding [Eghtesad] to the policy as an additional insured." The insurance allegedly covered losses resulting from various causes, including vandalism, and also covered loss of income.[3]

In the SAC, Eghtesad alleged for the first time that Martinez "telephoned Plaintiff from Defendant's office and asked Defendant's Agent Samuel Limones to talk to Plaintiff on the telephone. Plaintiff had a discussion with Defendant's Agent Limones informing Defendant's Agent Limones that Plaintiff wanted specific coverage before renting the Subject Property to Lessee. Defendant's Agent Limones informed Plaintiff that he personally knew Lessee and that Defendant's Agent Limones understood that the nature and scope of the coverage being sought which [*sic*] would also include any damages caused by Lessee, including but not limited to physical damage and lost rent. Defendant's Agent Limones notified Plaintiff that if there was any damage to the Subject Property caused by Lessee regardless as [*sic*] whether or not it was to the interior or exterior of the building that such damages would be covered by the State Farm policy being obtained by Lessee. Defendant's Agent Limones expressly stated to Plaintiff on the telephone that Plaintiff would have full Coverage for any type of damages as well as for any loss of rent. [¶] . . . Defendant's Agent Limones then requested Plaintiff to provide personal information of Plaintiff to add Plaintiff as additional insured with all the same coverage as had [*sic*] Lessee.

---

[3] Although the SAC states that the policy is attached to the complaint, neither the policy nor the endorsement pages that were attached to the FAC to support these same allegations are attached to the SAC.

5

Defendant's Agent Limones then sent Plaintiff the policy number 97-BS-N887-1 with Plaintiff's name as additional insured."

Like the FAC, the SAC alleged that Limones had a copy of the lease and confirmed with Eghtesad that he was an additional insured on the policy, and that in reliance upon the assurances by State Farm and Limones, Eghtesad leased the property to Martinez.

It is undisputed that the policy in question was issued on April 11, 2011, eight months after Martinez and Eghtesad signed the lease for the property.[4] The policy includes not only an additional insured endorsement, but also an endorsement stating that the policy does not cover any loss caused by "faulty, inadequate, unsound or defective [¶] . . . [¶] . . . repair, construction, renovation [or] remodeling . . . [¶] . . . [¶] . . . of part or all of any property (including land, structures or improvements of any kind) on or off the described premises."

In the SAC, Eghtesad described the damage to the property as follows: He alleged that from 2010 to 2012, Martinez converted the second floor commercial space to a residential unit without Eghtesad's knowledge or permission and without obtaining required permits. Eghtesad discovered the damage to the property when he inspected it after evicting Martinez for failure to pay rent.

In the SAC, Eghtesad described for the first time what happened when he made his claim and it was rejected. Eghtesad alleged that he called State Farm to make a claim for the damage caused by Martinez, and that "[d]uring this initial telephone conversation with Defendant's claims department,

_____

[4] The trial court took judicial notice of this policy, which includes the endorsements that were attached to the FAC, in connection with the demurrer to the FAC.

6

Plaintiff was notified that Plaintiff indeed had coverage for the damages caused by Lessee." Eghtesad alleged that his claim was assigned to an adjuster, who inspected the property, prepared an estimate, and sent it to Eghtesad. Eghtesad objected to the estimate, and the claim was assigned to several other adjusters in turn. Eventually State Farm denied the claim, and Eghtesad had to bear the cost of repairs and loss of rental income.

The trial court sustained State Farm's demurrer to the SAC without leave to amend, and a judgment of dismissal was entered on October 4, 2021. Eghtesad filed a notice of appeal on November 5, 2021.

## DISCUSSION

### A. *Appeal as to Limones*

Eghtesad argues that in striking his claims against Limones the trial court failed to comply with our directions in *Eghtesad I*. State Farm and Limones respond that the appeal as to Limones is untimely and that in any event the trial court correctly struck the causes of action against him.

#### 1. *Timeliness*

Respondents rely on *Wilson v. Sharp* (1954) 42 Cal.2d 675, 677, and *Johnson v. Threats* (1983) 140 Cal.App.3d 287, 289, to argue that the order granting the motion to strike was appealable as a final judgment because it left no issues to be determined between Limones and Eghtesad. Respondents contend that Eghtesad was required to file a notice of appeal within 60 days after entry of the order granting the motion to strike was served (Cal. Rules of Court, rule 8.104(a)(1)(B)), and that because he did not file his notice of appeal until months later, he forfeited his right to appeal from the order striking the claims against Limones. (*In re Baycol Cases I & II* (2011) 51 Cal.4th 751, 761, fn. 8.)

7

Respondents' argument would be more persuasive if they had addressed the effect of Code of Civil Procedure section 472c, on which Eghtesad relies in arguing that his appeal encompasses the order striking the allegations against Limones. After *Wilson* and *Johnson* were decided, section 472c was amended by the addition of subdivisions (b) and (c).[5] (Stats. 1993, ch. 456, § 7; compare Stats. 1939, ch. 714, § 1.) As relevant here, section 472c states: "(b) The following orders shall be deemed open on appeal where an amended pleading is filed after the court's order: [¶] . . . [¶] (3) An order granting a motion to strike a portion of a pleading where the order granting the motion to strike did not strike the entire pleading. [¶] (c) As used in this section, 'open on appeal' means that a party aggrieved by an order listed in subdivision (b) may claim the order as error in an appeal from the final judgment in the action." Because the order granting the motion to strike as to Limones did not strike the *entire* FAC, which was the pleading at issue, Eghtesad's claim that the motion was granted in error was arguably preserved for an appeal from the final judgment in the action, which is the appeal that is now before us. (§ 472c, subds. (b)(3), (c).)

Nor are we persuaded by respondents' second argument that because Eghtesad's notice of appeal did not expressly specify the order granting the motion to strike, Eghtesad has failed to perfect his right to appeal. In his Notice of Appeal, Eghtesad checked the box indicating he was appealing from a "[j]udgment of dismissal after an order sustaining a demurrer." Because section 472c provides that in an appeal from the final judgment in an action, an appellant may claim an error in an order granting a motion to strike part of a pleading (§ 472c, subds. (b)(3) & (c)), Eghtesad's notice of appeal from the

---

[5] Undesignated statutory references are to the Code of Civil Procedure.

final judgment perfected his right to claim error from the order granting the motion to strike.[6]

## 2. *Merits*

Because respondents have not persuaded us that Eghtesad's appeal as to Limones is untimely, we consider whether the trial court correctly ruled that Eghtesad's causes of action against Limones were beyond the scope of leave to amend granted by this court in *Eghtesad I.*

When a matter has been remanded to the trial court, the issues that the trial court may address on remand are "limited to those specified in the reviewing court's directions, and if the reviewing court does not direct the trial court to take a particular action or make a particular determination, the trial court is not authorized to do so." (*Ayyad v. Spring Spectrum, L.P.* (2012) 210 Cal.App.4th 851, 859-860 (*Ayyad*).) " 'The order of the reviewing court is contained in its remittitur, which defines the scope of the jurisdiction of the court to which the matter is returned.' " (*Id.* at p. 859.) On remand, the reviewing court's remittitur directions, as expressed in the dispositional language of its opinion, must be read in conjunction with the opinion as a whole. (*Ibid.*) Whether the trial court has correctly interpreted our previous opinion is a question of law that we review de novo. (*Ibid.*)

In his prior appeal, Eghtesad sought leave to amend his original complaint to allege specific causes of action against State Farm, and to allege a cause of action for slander against his former tenant, Martinez. (*Eghtesad I, supra,* 51 Cal.App.5th at p. 413.) He did not seek leave to amend as to any other individual or entity. We denied leave as to Martinez (*id.* at p. 416), and

---

[6] Respondents raised these arguments in a motion to dismiss filed at the same time as their brief on appeal. We took the motion under submission for decision with the merits and now deny it.

9

in the portion of our opinion addressing leave to amend as to State Farm, we stated that nothing in the original complaint "foreclose[d] an attempt to plead that an authorized agent of State Farm misrepresented or concealed information about insurance coverage with the intent to induce Eghtesad to lease the property to Martinez, which Eghtesad then did, with the result that when the property was damaged Eghtesad had to bear the cost of repairs and loss of rent." (*Id.* at p. 413.) Our reference to "an authorized agent of State Farm" was based on Eghtesad's statement (in a portion of the form complaint where he sought to allege fraud against State Farm) that he had spoken with a "State Farm Agent." Thus, Eghtesad was free to allege in his amended complaint after remand that an agent of State Farm made misrepresentations and that State Farm is liable for those misrepresentations. This is reflected in the language of the disposition, which directed the trial court to grant Eghtesad leave to amend his complaint to allege "causes of action *against State Farm* for breach of contract, fraud, and bad faith." (*Id.* at p. 416, italics added.) As we have noted, in his original appeal to this court Eghtesad had not sought leave to amend his complaint against any State Farm agent, and we did not order the trial court to grant such leave.

Because we did not direct the trial court to allow Eghtesad to allege claims against any other party, including Limones (*Eghtesad I, supra,* 51 Cal.App.5th at p. 416.), the trial court had no authority to allow such claims to proceed. (*Ayyad, supra,* 210 Cal.App.4th at pp. 859-860; see also *Taliaferro v. Davis* (1963) 220 Cal.App.2d 793, 794-795 [where court sustained demurrer, granted motion to strike portions of complaint, and gave leave to amend, court properly strikes "amended complaint" seeking to add new

defendant without leave of court].)  Accordingly, we conclude that the trial court correctly struck Eghtesad's causes of action against Limones.

B.      *Appeal as to State Farm*

Eghtesad argues on appeal that he can amend his second amended complaint (SAC) to allege claims of fraud or negligent misrepresentation, reformation, and negligence against State Farm.[7]  Notably, he does *not* challenge the dismissal of his causes of action for breach of contract and good faith, nor the striking of his cause of action for declaratory relief.  Those causes of action have therefore been abandoned.  (*Alborzi v. University of Southern California* (2020) 55 Cal.App.5th 155, 184.)  The thrust of both the FAC and SAC was that after Eghtesad made his claim State Farm misrepresented the coverage provided by the policy in order to avoid paying the claim.  Thus Eghtesad took the position that his claims in fact were covered by the insurance policy, and that State Farm improperly denied them.  Eghtesad now appears to contend instead that State Farm, through its agent, misrepresented the scope of the coverage at the time the policy was sold.

1.      *Standard of Review*

The law governing our review of a ruling on a demurrer is well-established.  "[W]e examine the complaint de novo to determine whether it alleges facts sufficient to state a cause of action under any legal theory" (*McCall v. PacifiCare of California, Inc.* (2001) 25 Cal.4th 412, 415), regardless of the labels attached to causes of action in the complaint.

---

[7] In his prior appeal Eghtesad requested and was granted leave to amend his original complaint against State Farm to allege a cause of action for fraud; we are puzzled as to why Eghtesad did not allege a cause of action titled "fraud" in his FAC or SAC.  In any event, he once again seeks leave to amend his complaint to allege fraud.

(*Dunkin v. Boskey* (2000) 82 Cal.App.4th 171, 180 (*Dunkin*).)  We "accept the truth of material facts properly pleaded in the operative complaint, but not contentions, deductions, or conclusions of fact or law."  (*Yvanova v. New Century Mortgage Corp.* (2016) 62 Cal.4th 919, 924 (*Yvanova*).)

When the trial court sustains a demurrer without leave to amend, we must "decide whether there is a reasonable possibility that the defect can be cured by amendment: if it can be, the trial court has abused its discretion and we reverse; if not, there has been no abuse of discretion and we affirm." (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.)  It is the plaintiff's burden to show a reasonable possibility that any defect can be cured by amendment. (*Ibid.*)  This showing may be made for the first time on appeal.  (§ 472c, subd. (a).)  To meet the burden, a " '[p]laintiff must show in what manner he can amend his complaint and how that amendment will change the legal effect of his pleading.' "  (*Goodman v. Kennedy* (1976) 18 Cal.3d 335, 349.)  The plaintiff must set forth not only the elements of the cause of action but also "must set forth factual allegations that sufficiently state all required elements of that cause of action.  [Citations.]  Allegations must be factual and specific, not vague or conclusory."  (*Rakestraw v. California Physicians' Service* (2000) 81 Cal.App.4th 39, 43-44 (*Rakestraw*).)

When the plaintiff's alleged facts contradict or are inconsistent with matters subject to judicial notice, we accept the facts subject to judicial notice and reject the allegations.  (*Hill v. Roll International Corp.* (2011) 195 Cal.App.4th 1295, 1300.)  "We give the same precedence to facts evident from exhibits attached to the pleading."  (*Ibid.*)

2.     *Fraud and Negligent Misrepresentation*

We begin with Eghtesad's argument that he can amend his complaint to state a cause of action for fraud or negligent misrepresentation.

The elements of a cause of action for fraud are " ' "(a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." ' " (*Engalla v. Permanente Medical Group, Inc.* (1997) 15 Cal.4th 951, 974 (*Engalla*).) " '[F]alse representations that are made recklessly and without regard for their truth in order to induce action by another are the equivalent of misrepresentations knowingly and intentionally uttered.' " (*Ibid.*)

The elements of a cause of action for negligent misrepresentation are similar: " '(1) misrepresentation of a past or existing material fact, (2) made without reasonable ground for believing it to be true, (3) made with the intent to induce another's reliance on the fact misrepresented, (4) justifiable reliance on the misrepresentation, and (5) resulting damage.' " (*Bock v. Hansen* (2014) 225 Cal.App.4th 215, 231.) California courts recognize a cause of action for negligent misrepresentation "where information is conveyed in a commercial setting for a business purpose." (*Id.* at p. 229.)

In *Eghtesad I*, we concluded that nothing in Eghtesad's original complaint foreclosed an attempt to plead that an agent of State Farm "misrepresented or concealed information about insurance coverage with the intent to induce Eghtesad to lease the property to Martinez, which Eghtesad then did, with the result that when the property was damaged Eghtesad had to bear the cost of repairs and loss of rent." (*Eghtesad I, supra*, 51 Cal.App.4th at p. 413.) Although the language in the disposition of *Eghtesad I* refers only to leave to amend to state a claim for fraud, the language of the opinion as a whole is broad enough to authorize amendment to allege a claim for negligent misrepresentation, assuming that the necessary elements are adequately pled.

a.     *Forfeiture*

Respondents argue that Eghtesad relinquished his right to plead any claim for misrepresentation by failing to add such a cause of action to the complaints he filed after remand.  We disagree.  We look to the substance of the allegations in Eghtesad's complaints, not the labels that were used for causes of action.  (*Dunkin*, *supra*, 82 Cal.App.4th at p. 180.)  Despite the absence of a title identifying misrepresentation as a cause of action, it appears from the trial court orders sustaining the demurrers to the FAC and SAC that the trial court and the parties understood that Eghtesad sought to allege a cause of action for misrepresentation of the scope of the policy.

b.     *Allegations to Support Claims of Misrepresentation*

Insofar as the elements of a fraudulent or negligent misrepresentation claim are concerned, the SAC alleges that Eghtesad requested "specific coverage" and requested confirmation that he was an additional insured on Martinez's policy; that Limones, as State Farm's agent, represented that Eghtesad was an additional insured on the policy that covered the property and that Eghtesad had coverage for physical damage caused by Martinez and coverage for lost rental income; that Eghtesad leased the property to Martinez in reliance on assurances from State Farm and Limones; that the policy did not provide the promised coverage, as Eghtesad discovered when he made a claim; and that Eghtesad was damaged when he had to bear the cost of repairs to the property and lost rental income as a result of State Farm denying his claim.

Eghtesad argues on appeal that he has alleged or can amend his SAC to allege the mental state, justifiable reliance, and causation required to state a cause of action for fraud or negligent misrepresentation.  We turn now to those arguments.

i.    *Knowledge and Intent*

We begin by considering whether Eghtesad has shown that the SAC alleges or can be amended to allege the state of mind required for a claim of fraud (knowledge of or reckless disregard for falsity and intent to induce reliance) or negligent misrepresentation (lack of reasonable ground to believe statement is true and intent to induce reliance).  (See *Engalla, supra,* 15 Cal.4th 951, 976 [discussing "fraudulent state of mind"].)

With respect to negligent misrepresentation, we understand Eghtesad to argue that he has already alleged the necessary facts in the SAC by virtue of alleging that Limones was acting as State Farm's agent, that Limones was employed to advise customers so as to sell them insurance and collect premiums at a profit to Limones and State Farm, that Eghtesad requested certain insurance coverage, that Limones understood that certain coverage was required if Eghtesad was to lease the property to Martinez, and Limones represented that the policy included that coverage.  We agree with Eghtesad that these allegations suffice to plead the necessary mental state for negligent misrepresentation.  (See *R & B Auto Center, Inc. v. Farmers Group, Inc.* (2006) 140 Cal.App.4th 327, 336-337 [discussing allegations that support a cause of action for negligent misrepresentation].)  Respondents do not argue otherwise.

But Eghtesad does not tell us how he would amend his complaint to allege the knowledge of falsity or reckless disregard required to state a cause of action for fraud.  (*Engalla, supra,* 15 Cal.4th at p. 974.)  It is not enough for Eghtesad to state that he can "amend his pleading to allege in the alternative the requisite mental states on Limones'[s] and State Farm's part for . . . intentional . . . misrepresentation": he must state the facts that he would plead, not just a conclusion.  (*Yvanova, supra,* 62 Cal.4th at p. 924.)

15

Notably, Eghtesad did not allege in his FAC or SAC that Limones knowingly or recklessly made false statements to him about the scope of the coverage provided by the policy. Nor does he make such a representation in his briefs on appeal.

Accordingly, insofar as the element of mental state is concerned, although Eghtesad has met his burden to show that he can amend his complaint for negligent misrepresentation, he has not met his burden with respect to fraud.

### ii. *Reliance and Causation*

We now consider whether Eghtesad has shown he can amend his SAC to allege the reliance and causation required for claims of misrepresentation.

The allegations in the SAC are inconsistent. The SAC alleges that State Farm sold Martinez insurance to cover the leased property "[f]rom approximately August 11, 2010," the date Eghtesad and Martinez signed the lease.[8]

The SAC also alleges that Eghtesad spoke with Limones by phone, and told Limones that he "wanted specific coverage before renting the Subject Property" to Martinez. But the SAC does not allege when that phone discussion took place, except that, as Eghtesad concedes on appeal, the SAC also "allege[s] that [Eghtesad] received a copy of the policy when he spoke with Limones about his insurance needs" with respect to coverage for damage caused by Martinez and coverage for loss of rent. Eghtesad further concedes that the policy was not even prepared, let alone sent to Eghtesad, until April 11, 2011, which is eight months *after* the lease was signed.

---

[8] The insurance policy includes the additional insured endorsement and the endorsement stating that there is no coverage for loss due to remodeling.

16

If, as the SAC alleges, Limones sent Eghtesad a copy of the policy at the time Eghtesad told him about his insurance needs, and if the policy was not even prepared until April 2011, Eghtesad cannot have signed the lease with Martinez based on any representations by Limones or State Farm as to the coverage at issue, because the lease was signed months *before* Eghtesad spoke with Limones.

Eghtesad now contends on appeal that his allegation "that he received a copy of the policy when he spoke with Limones about his insurance needs had to be mistaken," and that on remand he can "allege that pleading mistake and that he did not see anything before renting the property to Martinez that would have informed him that the coverage" being provided was not the coverage he sought. But whether Eghtesad can allege a cause of action for misrepresentation, either intentional or negligent, depends upon what exactly Eghtesad would allege about the representations made by Limones and State Farm and when those representations were made. It is Eghtesad's burden on appeal to tell us what factual allegations he would make in an amended complaint. (*Rakestraw*, *supra*, 81 Cal.App.4th at pp. 43-44.) And he must explain any inconsistencies between his proposed amended complaint and his prior pleadings. (*Larson v. UHS of Rancho Springs, Inc.* (2014) 230 Cal.App.4th 336, 343.) It is not enough for Eghtesad to say that his allegations in the SAC that he received a copy of the policy when he spoke with Limones about his needs "had to be mistaken." He must explain how those allegations were mistaken, and he must explain the inconsistency between his allegations in the FAC and SAC that State Farm provided insurance coverage for the property under the policy from August 2010 (when

17

the lease was signed), and the fact that the policy in question was not prepared until April 2011.[9] Eghtesad fails to do this.

Eghtesad contends that he can amend his complaint to allege that "State Farm's and Limones'[s] representations that they would provide coverage to Eghtesad that included fire insurance with a $450,000 limit with Eghtesad as an insured was [*sic*] a substantial factor in Eghtesad leasing the premises to Martinez." This proposed allegation does not suffice to show reliance on any misrepresentation or to show causation, because according to the insurance policy subject to judicial notice, State Farm did in fact provide fire insurance on the property with Eghtesad as an additional insured, as the trial court observed in sustaining State Farm's demurrer to the FAC and granting leave to amend. To the extent Eghtesad would allege that Limones told him he was an "insured" and not merely an "additional insured" on the policy, Eghtesad fails to explain the inconsistency between an allegation that he was an "insured" and the allegations in the FAC and SAC that he relied on Limones' "confirm[ation] . . . that [h]e was an additional insured on the policy" and his alleged reliance on the "additional insured" endorsement that he attached to the FAC.

In sum, Eghtesad has not met his burden to show how he can amend his complaint to allege reliance and causation. Therefore, he has not

_____

[9] In his reply brief, Eghtesad raises the possibility that at some point in August 2010 Limones might have sent or shown him a "binder" document that temporarily obligated State Farm to provide coverage pending the issuance of a policy. It is unclear what conclusion Eghtesad wishes us to draw from this possibility or how it affects his attempt to allege reliance; in any event Eghtesad has not proposed any "factual and specific" allegations that would appear in an amended complaint with respect to any binder or other documentation from State Farm. (*Rakestraw*, *supra*, 81 Cal.App.4th at p. 44.)

18

demonstrated how he can amend his complaint to state a cause of action against State Farm for negligent or intentional misrepresentation.

      3.    *Reformation and Negligence*

Eghtesad argues in a conclusory fashion that because he can amend his complaint to allege intentional and negligent misrepresentation, he can also amend his complaint to allege causes of action for reformation of the insurance policies and for negligence in failing to procure agreed-upon coverage, two causes of action that Eghtesad did not raise at all in his prior appeal. (*Eghtesad I*, *supra*, 51 Cal.App.5th at p. 413.)

The arguments fail because they rest on the premise that Eghtesad can amend his complaint to allege misrepresentation, which we have rejected. Further, Eghtesad does not set forth the elements of the other causes of action he seeks to add or show how he would allege facts corresponding to each element. (*Rakestraw*, *supra*, 81 Cal.App.4th at p. 43.) Accordingly, even if leave to amend to allege reformation and negligence falls within the scope of the remittitur in *Eghtesad I*, Eghtesad has not met his burden to show that he can amend his complaint to allege these causes of action.

## DISPOSITION

Respondents' motion to dismiss the appeal as to Limones is denied. The order striking the claims against Limones is affirmed. The judgment as to State Farm is affirmed. Respondents shall recover their costs on appeal.

19

_____

Miller, J.

WE CONCUR:

_____

Richman, Acting P.J.

_____

Markman, J.*

A163940, *Eghtesad v. State Farm General Insurance Co., et al.*

---

    \* Judge of the Alameda Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.