Filed 12/3/25  Udani v. Samsung Electronics America CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| NIMESH UDANI,<br><br>       Plaintiff and Appellant,<br><br>       v.<br><br>SAMSUNG ELECTRONICS AMERICA, INC., et al.,<br><br>       Defendants and Respondents. | B341326<br><br>(Los Angeles County Super. Ct. No. 20STCV20962) |

APPEAL from an order of the Superior Court of Los Angeles County, Maren E. Nelson, Judge.  Affirmed.

Spitz Law Group, Jeffrey Spitz; and Paul S. Rothstein for Plaintiff and Appellant.

Hunton Andrews Kurth, Thomas R. Waksom, Brandon M. Marvisi, Michael J. Mueller, and Grant H. Cokeley, for Defendants and Respondents.

—————————————

In this class action lawsuit, the trial court conditionally granted plaintiffs' motion to file a third amended complaint adding Nimesh Udani and two other individuals as class representatives.  Because the allegations relating to Udani did not comply with the court's conditions, the court granted Samsung's[1] motion to strike Udani as a putative plaintiff.  On appeal, Udani argues that the trial court abused its discretion by imposing overly strict conditions on the proposed amendment and by striking his claims.  Finding no abuse of discretion, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

This appeal arises from a putative class action originally filed in 2020 by Manuel Rivera-Melo on behalf of California consumers who purchased plasma televisions manufactured by Samsung between January 2013 and November 30, 2014.  The complaint alleged that Samsung violated California's Song-Beverly Consumer Warranty Act (Song-Beverly), which requires manufacturers of certain products to "make available to service and repair facilities sufficient service literature and functional parts to effect the repair of a product for at least seven years after the date a product model or type was manufactured."  (Civ. Code, § 1793.03, subd. (b).)  According to the complaint, Samsung stopped manufacturing plasma televisions in late 2014 and simultaneously stopped manufacturing certain parts needed to repair those televisions.  Rivera-Melo alleged that he took his television to a Samsung Authorized Service Center (ASC) called Service Quick in Anaheim in June 2016, and that the shop told

---

[1]      We refer to defendants Samsung Electronics America, Inc. and Samsung Electronics Co., Ltd. collectively as "Samsung."

2

him the television could not be repaired because the parts were no longer available.

In a January 2021 joint status report, Samsung asserted that the Service Quick in Anaheim opened in 2017, and that the shop had no record of Rivera-Melo ever contacting it.

Rivera-Melo filed a first amended complaint in February 2021. That complaint alleged Rivera-Melo attempted to get a replacement part from the Anaheim Service Quick within the seven-year period specified by Song-Beverly, but it did not identify the date, month, or year of the visit.

In November 2021, a second amended complaint was filed which added Eli Cesaletti as a class representative. Cesaletti alleged that he took his defective television to an ASC sometime in 2018. The second amended complaint again alleged that Rivera-Melo sought to repair his television at Service Quick in Anaheim, but it again did not specify the date, month, or year of that visit.

According to the trial court, Rivera-Melo's deposition testimony was "inconsistent" with the allegations in the second amended complaint. Specifically, Rivera-Melo testified that in June 2016, he made a video of his defective television and showed it to a different ASC called Dependable TV, which told him the replacement part was unavailable. He testified that he visited Service Quick in 2017 without his television, and when he described the problem, Service Quick told him that the necessary part was no longer made. The trial court found that Rivera-Melo's "testimony about the order of which repair shop he visited first and when was changed when he was questioned by his own counsel, and then changed again on re-direct." Rivera-Melo also refused to answer several questions at the direction of his

3

counsel. The trial court granted Samsung's motion to compel Rivera-Melo to answer certain of those questions at a second deposition.

In August 2022, plaintiffs requested leave to file a third amended complaint in order to replace the existing class representatives with Udani and two other individuals. The motion explained that in April 2022, Cesaletti had failed to attend his deposition, and he later agreed to voluntarily dismiss his individual claims with prejudice. The parties agreed to forgo Rivera-Melo's second deposition, and Rivera-Melo agreed to voluntarily dismiss his claims without prejudice.

Samsung opposed the motion to amend, arguing that replacing the class representatives "would allow Plaintiffs to essentially start the case all over again, causing Samsung to lose the benefits of years of investigation into the current class representatives' claims, increasing the burdens of discovery, and further adding to the already substantial time and costs devoted to this litigation." Plaintiffs' reply argued that substituting new class representatives would not prejudice Samsung.

On January 30, 2023, the trial court issued a tentative order granting leave to amend on the following condition: "at the hearing on this motion, Plaintiff's counsel must be able to discuss in good faith the nature of the problem with each plaintiff's television, the parts required for repair, and the [Authorized Service Center (ASC)] to whom their request for repair was directed, so that Plaintiffs can further amend the complaint to allege these facts within ten days."[2]

---

[2] The order was also subject to a second condition not applicable to Udani.

4

At the January 31, 2023 hearing on plaintiffs' motion, Samsung asserted that plaintiffs' counsel had not yet disclosed when Udani contacted Samsung or any ASC, or whether Samsung or an ASC had determined that the part necessary to fix Udani's television was unavailable. Samsung expressed concern with this omission, particularly since Rivera-Melo and Cesaletti had been unable or unwilling to "back up their allegations." The court then asked if plaintiffs would be able to amend the complaint to identify "the number that Mr. Udani called in, [and] the date that he called it . . . ." Plaintiffs' counsel responded: "Well, I'll need 15 days, your Honor, to be able to determine what -- whether that's accurate or not, I mean whether I'm able to provide that level of detail." The court later emphasized that the third amended complaint must allege "a specific date and a specific phone number." Plaintiffs' counsel did not object to this condition.

Following oral argument, the trial court ordered that the third amended complaint "shall indicate (1) the nature of the problem with each proposed Plaintiff's television; (2) to the extent a Plaintiff was told telephonically by 'Samsung' that parts were unavailable, the date of that call and the number called; and (3) to the extent an [ASC] was consulted and represented that necessary repair parts were not available, the name of the ASC and the date of the statement." The court rejected Samsung's arguments that it would be unduly prejudiced by being forced to conduct some discovery on facts unique to the proposed new class representatives.

Plaintiffs filed the third amended complaint on February 10, 2023, naming Udani and one other new class representative as plaintiffs. The complaint alleged that Udani "called

5

Samsung's 1-800 number (1-800-SAMSUNG) in or around June 2016," to report a problem with his television, and that "[a]t that time, Samsung told UDANI that parts were not available to fix his television." The complaint stated that "[f]urther investigation is required to determine whether UDANI additionally contacted an ASC."

On March 17, 2023, Samsung filed a combined motion to strike and demurrer to the third amended complaint. The motion argued that the complaint did not comply with the court's January 31, 2023 order. It asserted that the allegations as to Udani "blatantly failed to comply with the Court's stated conditions" by failing to allege "the date he purportedly called Samsung."

Plaintiffs' opposition to Samsung's motion argued that the third amended complaint "includes Plaintiffs' allegations as to their best recollection of *when* they spoke to Samsung and/or their representatives and *who* they contacted." The opposition further asserted that Udani complied with the court's order by alleging that he contacted Samsung "[o]n or around June 2016 . . . ."

At the April 17, 2023 hearing on Samsung's motion, the trial court granted Samsung's motion to strike Udani's claim from the third amended complaint. The court observed that Samsung's motion was procedurally defective because it improperly combined a motion to strike and a demurrer into a single filing, failed to include a requisite notice of motion, failed to provide a meet and confer declaration, and failed to separately identify the basis for the demurrer. The court nonetheless treated Samsung's filing as a motion to strike under Code of Civil Procedure section 436, subdivision (b), which permits a court to

6

strike any portion of a pleading "not drawn or filed in conformity with . . . an order of the court."[3]  Because the third amended complaint did not identify the date on which Udani contacted Samsung, the court found that the complaint failed to comply with the court's order tentatively granting leave to amend.  The court determined that plaintiffs failed to "argue or show that Udani can truthfully amend the TAC to comply with the conditions for leave to amend set forth" in the order, and therefore the court struck Udani's claims without leave to amend. Udani timely appealed.[4]

---

[3]     Undesignated statutory references are to the Code of Civil Procedure.

[4]     The court did not enter an order of dismissal nor a judgment as to Udani.  Ordinarily an order granting a motion to strike is itself not appealable.  (§ 904.1.)  However, where, as here, the order granting Samsung's motion to strike " 'has the effect of finally determining the issues relating to [Udani's] rights . . . the order is a final judgment as to him,' and is appealable." (*Johnson v. Threats* (1983) 140 Cal.App.3d 287, 289.)  Because we treat that order as a final judgment, Udani's challenge to the January 2023 interlocutory order conditionally granting leave to amend is also properly before us.

7

## DISCUSSION

Udani asserts the trial court abused its discretion by imposing unjust conditions on his right to amend the complaint and, when he failed to comply with those conditions, by striking Udani's allegations from the third amended complaint. Under the abuse of discretion standard, " 'a trial court's ruling will not be disturbed, and reversal of the judgment is not required, unless the trial court exercised its discretion in an arbitrary, capricious, or patently absurd manner that resulted in a manifest miscarriage of justice.' " (*Employers Reinsurance Co. v. Superior Court* (2008) 161 Cal.App.4th 906, 919.)

## I. The court did not abuse its discretion in imposing conditions on plaintiffs' third amended complaint

Udani first argues the trial court abused its discretion by requiring him to plead the specific date on which he called Samsung's customer service number, because this condition was unjust. (§ 473, subd. (a)(1) [court has discretion to condition amendments on "any terms as may be just"].)[5] We disagree.

"The general principles governing the amendment of a complaint apply to the decision whether to permit an amendment naming a new class representative." (*Payton v. CSI Electrical*

---

[5] In addition to the language on which Udani relies, the statute also provides that a court "may, in furtherance of justice, and on any terms as may be proper," allow an amendment "adding . . . the name of any party." (§ 473, subd. (a)(1).) Even if Udani relied on this alternative standard, we would reach the same decision. For the reasons discussed herein, the court's conditions were neither unjust nor improper, and therefore its order was not an abuse of discretion under either standard.

*Contractors, Inc.* (2018) 27 Cal.App.5th 832, 848.) The court " 'has wide discretion' " in this regard, " 'as a matter of policy the ruling of the trial court in such matters will be upheld unless a manifest or gross abuse of discretion is shown.' " (*Tung v. Chicago Title Co.* (2021) 63 Cal.App.5th 734, 747.)

When the trial court conditionally granted leave to amend, this action was three years old, the complaint had been amended twice, and two class representatives had voluntarily dismissed their claims. According to the trial court, Rivera-Melo's deposition testimony was "inconsistent" with his own allegations specifying the nature and timing of his attempts to repair the television through a Samsung ASC. The trial court was understandably concerned with ensuring that the proposed substitute plaintiffs were suitable class representatives. As the court explained at the hearing, it imposed conditions only to ensure that the third amended complaint included "sufficient information so that we can determine whether [the proposed named plaintiffs] are adequate plaintiffs or not." The trial court chose reasonable conditions to achieve that end, and it did not abuse its discretion in imposing those terms.[6] (Cf. *Fontenot v. Wells Fargo Bank, N.A.* (2011) 198 Cal.App.4th 256, 274, disapproved of on another ground by *Yvanova v. New Century Mortgage Corp.* (2016) 62 Cal.4th 919, 939, fn.13 [no abuse of

_____

[6] As an alternative ground to affirm, Samsung argues that Udani cannot show prejudice from the condition he allege a specific date, because even if he is not a representative plaintiff he can still assert a claim, either individually or as a member of the class. We reject this argument because we cannot speculate on either the timeliness of Udani's individual claim or on the outcome of a future motion for class certification.

9

discretion in conditioning leave to amend on attachment of contract on which claims were based].)

In support of his argument that the trial court's conditions were unjust, Udani relies on *Armenta ex rel. City of Burbank v. Mueller Co.* (2006) 142 Cal.App.4th 636 (*Armenta*). *Armenta* was a qui tam action, meaning the plaintiff brought claims on behalf of certain government entities. The plaintiff sought leave to amend to assert claims on behalf of an additional 130 government entities. The trial court granted the request, conditioned on each government entity responding to court-ordered discovery which the appellate court described as "far exceed[ing] that which would have been necessary to provide the defendants with proper notice of the newly named entities' claims." (*Id.* at p. 643.) When 47 of the newly named entities failed to provide that discovery, the court dismissed them from the action. Reversing, the appellate court of appeal held that "conditioning amendment upon each entity responding to an extraordinarily detailed discovery demand was an unjust condition. The trial court abused its discretion in imposing it." (*Id.* at p. 644.)

The condition imposed by the trial court in this case is far less onerous than the one in *Armenta*. The court merely ordered Udani to allege the date on which he complained to Samsung. The circumstances of that complaint are a fundamental aspect of Udani's claim, and the date is a fact he should either be expected to know or to determine by consulting records reasonably available to him. This single factual allegation falls far short of requiring Udani to respond to "extraordinarily detailed discovery." (*Armenta, supra,* 142 Cal.App.4th at p. 644.)

10

Similarly misplaced is Udani's reliance on *Sanai v. Saltz* (2009) 170 Cal.App.4th 746.  In *Sanai*, the trial court granted defendant's motion for judgment on the pleadings and granted plaintiff leave to amend on the condition that he provide " 'admissible evidence' " to support that he complained to a reporting agency, a required element of his claim.  (*Id*. at p. 766.)  The court rejected the plaintiff's sworn testimony that he complained in writing, reasoning that if he " 'made written complaints . . . there would be no need to rely on his oral testimony.' " (*Id*. at p. 767.)  The appellate court reversed, reasoning that a court "is simply without power to demand, as the condition for leave to amend, that a party present admissible evidence sufficient to withstand summary judgment." (*Id*. at p. 770.)  Yet, requiring Udani to allege the specific date on which he contacted Samsung is far short of demanding evidence that could survive summary judgment.  Indeed, in *Sanai*, the appellate court concluded that the trial court erred by rejecting the plaintiff's sworn testimony; in contrast, here, the trial court would have accepted Udani's allegations so long as they were sufficiently specific.

Udani also argues that the condition was unnecessary because, in its January 31, 2023 order conditionally granting leave to amend, the trial court found that naming new class representatives would not prejudice Samsung.  Udani overstates this aspect of the court's order.  The trial court's lack of prejudice finding assumed that the third amended complaint would comply with the court's conditions.  Specifically, in its analysis of Samsung's prejudice, the court reasoned that if plaintiffs could specifically allege "the date" of their contacts with Samsung, "only limited discovery will be needed" on that issue and the

11

parties would not be burdened by exploring that issue in discovery. Udani's failure to comply with the court's order necessarily means at least some additional discovery *would* be needed, effectively negating the court's lack of prejudice finding.

## II. The court did not abuse its discretion in granting Samsung's motion to strike.

Udani also contends the trial court abused its discretion by granting Samsung's motion and striking Udani's allegations from the third amended complaint. We again find no abuse.

The trial court has discretion to "[s]trike out all or any part of any pleading not drawn or filed in conformity with . . . an order of the court." (§ 436, subd. (b); *Cal-Western Business Services, Inc. v. Corning Capital Group* (2013) 221 Cal.App.4th 304, 309.) As we have discussed, the court entered an order granting plaintiffs leave to file a third amended complaint on the condition that Udani allege "the date" of his call, if any, to Samsung. The third amended complaint alleged only that Udani called Samsung "in or around June 2016." The court correctly concluded that "Udani's pleading does not comply" with the conditions imposed in the January 31, 2023 order. The trial court was well within its discretion to strike Udani's nonconforming allegations.

Udani does not argue that he pleaded the specific date of his call to Samsung, as the order required. He instead argues that he "substantially complied" with the order by identifying the month, and that it was an abuse of discretion to strike his claim. In essence, Udani is asking us to second-guess the trial court ruling. We decline to do so. A trial court "has inherent and statutory authority to control the order of proceedings, regulate the order of proof, provide for the orderly conduct of the proceedings, and control the litigation. [Citations.] The trial

court's exercise of such powers will not be disturbed on appeal absent a clear showing of abuse of discretion." (*People ex rel. Reisig v. Acuna* (2017) 9 Cal.App.5th 1, 23–24.)  No such showing appears on the record before us.  Perhaps a different court would have responded to Udani's noncompliance more leniently.  But we cannot conclude the court abused its discretion by striking allegations that plainly violated a court order.

## DISPOSITION

The order striking Udani's claims from the third amended complaint is affirmed.  Samsung is awarded its costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


HANASONO, J.


We concur:


EGERTON, Acting P. J.


ADAMS, J.